The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335
Dear Representative Flanagin:
This is in response to your request for an opinion on the following question:
 If a municipal prisoner is tried, convicted, and fined, then sentenced to the county jail due to his not paying a fine, and the prisoner, after serving a portion of the time, then pays the fine and is released from jail, does the fine that he pays go to the city which apprehended him or to the county?
I assume that the "municipal prisoner" was tried, convicted and fined in municipal court. The disbursement of fines, penalties, forfeitures, fees, and costs collected in the municipal court is governed by A.C.A. § 16-17-707 (Cum. Supp. 1991). I have attached a copy of this Code section for your convenience. As noted in Attorney General Opinion 91-350 (copy enclosed) with regard to this provision of the Code, the disposition of fine proceeds will depend upon who the arresting officer was and where the offense occurred. The following language from Opinion 91-350 explains the general disbursement scheme:
 . . . the city is thus to retain all fine proceeds assessed for (A) violations of city ordinances, (B) violations of state law where the violation occurs within corporate limits of the city and the arresting officer is an officer of the city or is a state police officer. Fine proceeds are to be paid by the city over to the county where the municipal court assesses the fine for (A) a violation of a state law and the arresting officer is not an officer of the city, or (B) where the violation occurs outside the corporate limits of the city and the arrest is made by a state police officer.
Op. Att'y Gen. 91-350 at 3.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh